# WAIVER AND CONSENT TO ACTIONS
# IN LIEU OF A SPECIAL MEETING OF
# THE BOARD OF DIRECTORS
# OF
# ARCHER USA, INC.

The undersigned, being all of the members of the board of directors ("Directors") of Archer USA, Inc. (the "Company"), incorporated under the laws of Delaware, by signature hereunder, do hereby waive notice of and attendance at a special meeting of the board of directors, and further consent to the actions described and adoption of the resolutions set forth below in lieu of holding a meeting for that purpose, pursuant to the Company's Amended and Restated Bylaws:

RESOLVED that in the judgment of the Directors it is desirable and in the best interests of the Company, its creditors, shareholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), and the filing of such petition is hereby authorized; and it is further

RESOLVED that the Chief Executive Officer and the Chairman of the Board of Directors or other person designated by the Board of Directors (collectively, the "Designees") are, and each of them acting alone is, hereby authorized and directed on behalf of the Company to execute and verify a petition in the name of the Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Western District of Washington in such form and at such time as such Designees or any one of them shall determine; and it is further

RESOLVED that the Designees are, and each of them acting alone is, hereby authorized, directed and empowered, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be executed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all action that they deem necessary and proper in connection with the Chapter 11 case contemplated hereby, including any and all action necessary or proper in connection with obtaining debtor-in-possession financing, with a view to the successful prosecution of such case; and it is further

RESOLVED that the Company, as debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, be, and it hereby is, authorized to negotiate and obtain debtor-in-possession financing ("DIP Financing") from such lender or lenders as the Designees or any one of them may determine to be in the best interest of the Company ("DIP Lender"), in such amount and on such terms as the Company and the DIP Lender may agree, and the execution, delivery and performance in connection with the DIP Financing of such agreements, certificates, instruments and documents in such forms as may be required by DIP Lender and approved by such Designees or any one of them (collectively "DIP Financing Documents") are hereby approved; and it is further

128546.0001/6104969.1

RESOLVED that the Designees are, and each of them acting alone is, hereby authorized and directed to execute the DIP Financing Documents on behalf of the Company with such changes as such Designees or any one of them may approve; and in connection with the DIP Financing, the Designees are, and each of them acting alone is, hereby authorized:

        (a)     To execute and deliver to DIP Lender such promissory note or notes, or other evidence of credit accommodations of the Company to DIP Lender, on DIP Lender's forms, at such rates of interest and on such terms as may be agreed upon, evidencing the DIP Financing;

        (b)     To mortgage, pledge, transfer, endorse, hypothecate, or otherwise encumber and deliver to DIP Lender, as security for the payment of the DIP Financing and any other loans or credit accommodations so obtained, any promissory notes so executed (including any amendments to or modifications, renewals, and extensions of such promissory notes), or any other or further indebtedness of the Company to DIP Lender at any time owing, however the same may be evidenced, any property now or hereafter belonging to the Company or in which the Company now or hereafter may have an interest, including without limitation all real property and all personal property (tangible or intangible) of the Company;

        (c)     To execute and deliver to DIP Lender the forms of security agreement, mortgage, deed of trust, pledge agreement, hypothecation agreement, subordination agreement and other documents and financing statements which may be submitted by DIP Lender, and also to execute and deliver to DIP Lender any other written instruments, any chattel paper, or any other collateral, of any kind or nature, which such Designees or any one of them may in the discretion of such Designees or any one of them deem reasonably necessary or proper in connection with or pertaining to the giving of the liens and encumbrances; and

        (e)     To do and perform such other acts and things, and to execute and deliver such other documents and agreements as such Designees or any one of them may in the discretion of such Designees or any one of them deem reasonably necessary or proper in order to carry into effect the provisions of these resolutions with respect to the DIP Financing; and it is further

RESOLVED that all actions previously taken by the Designees or any one of them in connection with the DIP Financing, or any matter related thereto, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED that the Designees are, and each of them acting alone is, hereby authorized and empowered to execute and deliver for and in the name and on behalf of the Company, as debtor and debtor-in-possession, such agreements, instruments, and any and all other documents and amendments as such Designees or any one of them may determine to be necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, including, without limitation, any credit agreement, promissory note, letter of credit application, guaranty,

2

128546.0001/6104969.1

mortgage, or other security instrument containing such provisions, terms, conditions, covenants, warranties, and representations with the execution and delivery of any such documents to be conclusive evidence of such determination; and it is further

RESOLVED that the Designees are, and each of them acting alone is, hereby authorized and empowered for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and it is further

RESOLVED that the Designees are, and each of them acting alone is, hereby authorized and empowered for and in the name and on behalf of the Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates, and undertakings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED that the law firm of Lane Powell PC be, and hereby is, employed under a general retainer as attorneys for the Company in the Chapter 11 case; and it is further

RESOLVED that the Designees are, and each of them acting alone is, hereby authorized and empowered to employ such other professionals as such Designees or any one of them may determine to be necessary or appropriate to assist the Company in carrying out its duties in the Chapter 11 case; and it is further

RESOLVED that all acts lawfully done or actions lawfully taken by the Designees or any one of them to seek relief on behalf of the Company under Chapter 11 of the Bankruptcy Code, in connection with the Chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

*[SIGNATURE PAGE FOLLOWS]*

3

128546.0001/6104969.1

IN WITNESS WHEREOF, the undersigned, being all the directors of the Company, hereby adopt the resolutions with the same force and effect as if such resolutions were approved and adopted at a duly constituted special meeting of the board of directors of ARCHER USA, INC.

This consent may be executed in counterparts and all so executed shall constitute one consent, notwithstanding that all members of the board of directors are not signatures to the original or same counterpart.

DATED as of September 6, 2014.

**DIRECTORS**

_____
Mr. Matthew Harris

_____
Mr. Michael Matthews

_____
Mr. Jorgen Larsen

4

IN WITNESS WHEREOF, the undersigned, being all the directors of the Company, hereby adopt the resolutions with the same force and effect as if such resolutions were approved and adopted at a duly constituted special meeting of the board of directors of ARCHER USA, INC.

This consent may be executed in counterparts and all so executed shall constitute one consent, notwithstanding that all members of the board of directors are not signatures to the original or same counterpart.

DATED as of September 6, 2014.

**DIRECTORS**

_____
Mr. Matthew Harris


_____
Mr. Michael Matthews

_____
Mr. Jorgen Larsen

128546.0001/6104969.1